# GROS *v.* NORMENT.

---

APPEALS; TRANSCRIPT OF RECORD; TIME FOR FILING.

An appeal to this court in an action at law will be dismissed, where the transcript of the record was not filed here until after the expiration of forty days from the time of perfecting the appeal, and no extension of the time was applied for or obtained in the court below. (Following *District of Columbia* v. *Humphries*, 11 App. D. C. 68.)

No. 1723.  Submitted October 11, 1906.  Decided October 18, 1906.

HEARING on a motion to dismiss an appeal.        *Granted.*

*Mr. Geo. E. Hamilton, Mr. M. J. Colbert,* and *Mr. John J. Hamilton* for the motion.

*Mr. T. J. Mackey* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellee has moved to dismiss this appeal on the following grounds: (1st) That the bill of exceptions contained in the transcript was not signed within the time required by rule 55 of the supreme court of the District of Columbia, and that the same had not been extended by that court; (2d) that the transcript of the record was not filed in this court within forty days, as prescribed by rule 15 of this court.

It appears that the appeal bond was approved and filed May 4, 1906, and the transcript of record was not filed in this court until August 27, 1906. It also appears that the bill of exceptions was not approved and filed until August 15th, and that no order extending the time for settling the same had been entered in the supreme court of the District, as provided in rule 55 thereof. It appears that the justice of the supreme court presiding on the trial concluded the business of his term and left the District on June 13th for his vacation. The bill of exceptions was not presented to him, nor was any application made for extension of the time. On June 21, 1906, the appellant presented a bill of exceptions to the justice of the supreme court of the District then, under the practice of that court, presiding for the purpose of transacting any necessary business in every one of the special terms of that court. An application was made to him for an extension of the time for settling the bill. This application was denied for reasons that do not appear in the record.

It is unnecessary to consider the effect of the absence of the trial justice after June 13, and of the lodging of the bill of exceptions with his successor on June 21, and the effect of the order overruling the application for extension of the time. The time for settling the bill of exceptions is provided in the rules of the supreme court of the District of Columbia. Regardless of the question in respect of obtaining a settlement of the bill of exceptions, rule 15 of this court provides that the transcript of the record in all such appeals shall be lodged with the

clerk of this court within forty days from the time of perfecting the appeal, unless an extension of the time shall have been obtained by order entered, before the expiration of the period, by one of the justices of the supreme court of the District. The order for the extension may be made by any one of said justices and is not limited to the one presiding on the hearing of the particular case. No such extension of the time was applied for. For the reason of the failure to file the transcript within the time required by rule 15, we are constrained to grant the motion to dismiss the appeal. *District of Columbia* v. *Humphries,* 11 App. D. C. 68, 78.

As said by Chief Justice Alvey in that case: "The rule of court is the law of the court as it is of the parties, and there is no dispensing power in the court simply to meet what is supposed to be the pressing exigency of a particular case. The appeal taken in this case immediately upon the entry of the judgment was in no manner dependent upon the settlement and signing of a bill of exceptions to the ruling of the court upon the evidence. * * * The rule would be of no force or effect if the transcript could be filed at any time after the appeal entered. The time prescribed by the rule must be given full force as a limitation of time for filing the transcript; that is the clear meaning and tenor of the rule."

The appeal will therefore be *dismissed, with costs.*

It is so ordered.